MICHAEL R.W. HOUSTON,
CITY ATTORNEY
GREGG M. AUDET (SBN 158682)
E-mail: gaudet@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California  92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants City of Anaheim,
Chief John Welter, Deputy Chief Craig Hunter,
and Officer Bruce Linn

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Lopez, Individually and on behalf of the Estate of David Raya,<br><br>Plaintiff,<br><br>v.<br><br>City of Anaheim, a Governmental Entity, Chief John Welter, Deputy Chief Craig Hunter, and Officer Bruce Linn, Individually and DOES 1 - 10,<br><br>Defendants. | Case No.: SACV13-01199 CJC (JPRx)<br><br>Assigned to:   Cormac J. Carney<br>Dept.:          9B<br><br>PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION<br><br>Action Filed:  August 8, 2013<br>Trial Date:    None set |

Based on the stipulation of plaintiff Maria Lopez ("Plaintiff"), and defendants City of Anaheim, Chief John Welter and Deputy Chief Craig Hunter and Officer Bruce Linn (collectively "Defendants"), through their respective attorneys of record, the Court hereby enters the following protective order:

1.   This Protective Order applies to and governs the use of law enforcement investigative reports and records concerning the shooting of David Raya which are being produced to Plaintiff by Defendants.   This Order shall also apply to and govern any other investigative or law enforcement reports or records

subsequently produced to Plaintiff by Defendants concerning the shooting of David Raya or its aftermath (hereinafter referred to as "Confidential Information"), including but not limited to reports or memoranda prepared by the Anaheim Police Department, the Orange County District Attorney's Office, or the Orange County Sheriff's Department.  The term Confidential Information shall mean and include the documents listed above, any and all portions thereof, and all documents of whatever kind containing information set forth in or obtained from these documents.

2. Plaintiff's counsel shall use the Confidential Information solely for the purposes of this litigation, and shall not disclose any portion of the Confidential Information to any other person, firm or corporation except:

    a. Bona fide employees of counsel's law offices, and then only to the extent necessary to enable said persons to assist in litigation of this action;

    b. Plaintiff, to the extent deemed necessary by counsel for the prosecution of this litigation

    c. Expert witnesses employed by the parties to this action;

    d. Consultants retained by the parties to this action; or

    e. The Court.

3. All persons described in paragraph 2 (a) through (e) above shall not disclose any portion of said Confidential Information and shall not use any information obtained therefrom except in conformance with this Protective Order and for purposes of this litigation.  Any party who discloses Confidential Information to any person described in paragraph 2 (a) through (d) shall advise such person that said matters constitute Confidential Information which may be used only for the litigation of this action, and shall, prior to disclosure of the

1   Confidential Information, have such person execute a written Understanding and
2   Agreement to be bound by the parties' Stipulation for Protective Order in the
3   form attached thereto.

5       4.   Any deposition testimony that encompasses or concerns Confidential
6   Information shall be transcribed in a separate booklet that is marked on its cover
7   "Confidential: Do Not Disclose Except By Court Order." In addition, any
8   documents containing Confidential Information that are submitted to the Court
9   shall be filed or lodged in a sealed envelope marked "Confidential: Subject to
10  Protective Order."

12      5.   The attorneys for Plaintiff are directed to retain all copies of
13  documents, notes, or summaries containing Confidential Information in their
14  custody, possession and control and to take the necessary precautions to prevent
15  persons not authorized as provided above from obtaining access to any such
16  Confidential Information.

18      6.   Production of the Confidential Information protected by this order
19  shall not constitute a waiver of any privilege or confidentiality or privacy right.
20  The parties retain the right to assert all substantive objections to the Confidential
21  Information, including but not limited to relevancy, hearsay, privacy, privilege,
22  and Rule 403 of the *Federal Rules of Evidence*.

24      7.   At the conclusion of this action, all documents containing
25  Confidential Information, all copies and extracts thereof, with the exception of
26  those documents affected by the attorney work-product doctrine or attorney-
27  client privilege, shall be returned to counsel for Defendants. As to those
28  documents protected by the attorney work-product doctrine or attorney-client

1  privilege, Plaintiff and her counsel agree that any and all such documents shall
2  either be redacted and returned to Defendants' counsel or shall be destroyed.

## ORDER

**It is so ORDERED.**

Dated:  November 12, 2013        _____JEAN ROSENBLUTH_____
                                    Hon. Jean P. Rosenbluth
                                    United States Magistrate Judge